IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RONALD TONGE,<br><br>   Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>   Defendant. | No. 2:20-cv-00168 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant Novartis Pharmaceuticals Corporation's ("Novartis") motion is based entirely on the flawed premise that to meet its pleading burden under Fed. R. Civ. P. 8(a), Plaintiff must plead a precise date of injury. Novartis contends that this is required because Plaintiff has a duty to negate any potential statute of limitations defense Novartis may have. *See* Novartis's Br. in Supp. at pp. 3-4. The Eleventh Circuit, however, has squarely rejected this contention, holding that a plaintiff is not required to plead facts negating affirmative defenses, including statute of limitations defenses. *See Beach Comm. Bank v. CBG Real Estate LLC*, 674 Fed. Appx. 932, 934 (11th Cir. 2017); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Novartis's motion is therefore meritless and should be denied in full.

**FACTS**

This is a products liability action brought by Plaintiff Ronald Tonge against Novartis for injuries he sustained as a result of taking Novartis's drug, Tasigna—a tyrosine kinase inhibitor used to treat Chronic Myelogenous Leukemia ("CML"). *See* Compl. at ¶¶ 1-3. Plaintiff alleges that despite dire warnings from multiple health authorities—including Novartis's own clinical investigators—Novartis concealed known risks of severe, accelerated, and irreversible

1

atherosclerotic-related conditions associated with Tasigna, and that, as a result, Plaintiff developed severe peripheral vascular disease that required multiple invasive procedures and ultimately an amputation. *Id.* at ¶¶ 28-36, 49-51.

The Complaint alleges in detail Novartis's aggressive and improper marketing tactics and its knowledge, concealment, and intentional failure to warn of the atherosclerotic risks associated with the drug. *Id.* at 19-48. It also pleads facts specific to Plaintiff and his injury, including: (1) Plaintiff's CML diagnoses—alleging that Plaintiff was diagnosed in 2009; (2) Plaintiff's Tasigna usage—alleging that Plaintiff took the drug from February 2011 to June 2014; and (3) Plaintiff's injuries—alleging that as a result of Plaintiff's Tasigna usage, he developed peripheral vascular disease requiring multiple procedures and ultimately an amputation. *Id.* at ¶¶ 49-50.

## **ARGUMENT**

Federal Rule of Civil Procedure 8(a) provides that a complaint "must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* A court must accept as true all factual allegations, but threadbare recitals to the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Dismissal is "only appropriate if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Ala.*, 30 F.3d 117, 120 (11th Cir. 1994).

Here, Novartis does not and cannot argue that Plaintiff's 92-paragraph Complaint—detailing Novartis's misconduct, Plaintiff's Tasigna use, and Plaintiff's resulting injuries—fails to plausibly allege a cause of action for strict products liability and negligence. Instead, Novartis argues that Plaintiff's Complaint should be dismissed because Plaintiff has a duty to plead a specific date of injury and negate any potential statute of limitations defense Novartis may have. This is incorrect.

A "statute of limitations bar is an affirmative defense and plaintiffs are not required to negate affirmative defenses in their complaint." *Beach Comm. Bank,* 674 Fed. Appx. at 934; *La Grasta*, 358 F.3d at 845. Thus, at the Rule 12(b)(6) stage, a district court may dismiss a claim on a statute of limitations defense "*only* if it is apparent from the face of the complaint that the claim is time-barred." *Id.* (emphasis added).

Applying the above law, judges in this Court have rejected near identical arguments that a plaintiff must plead a specific date to establish that a claim is not time barred. *See Saadi v. Maroun*, No. 8:07-cv-1976T-24JSS, 2020 WL 1894351, at *3 (M.D. Fla. Jan. 3, 2020), *adopted in part by* 2020 WL 774287 (M.D. Fla. Feb. 18, 2020). In *Saadi,* the defendant argued that the plaintiff "was required to allege a specific date of transfer for purposes of establishing that his [fraudulent transfer] claims are *not* barred by the statute of limitations." *Id.* (emphasis in original). Magistrate Judge Julie S. Sneed rejected this argument, holding that "the burden of establishing an affirmative defense rests with the one who claims its benefits… and plaintiffs are not required to negate an affirmative defense in their complaint." *Id.* (internal citations and quotations omitted).

In addition to *Saadi*, courts have consistently rejected a defendant's attempt to shift the burden of pleading statute of limitations defenses to the plaintiff. *See Beach Comm. Bank,* 674 Fed. Appx. at 934-35 (reversing district court's dismissal of complaint based on statute of limitations defense, holding that a more developed factual record was needed to determine when the plaintiff should have discovered the alleged fraud); *Tampa Bay Rays Baseball Ltd. v. Volume Servs., Inc.*, No. 8:17-cv-2498-T-30TGW, 2018 WL 3068068, at *2 (M.D. Fla. March 12, 2018) (citing *Breach Comm. Bank* and denying as premature a motion to dismiss based on statute of limitations); *Doe v. Doe*, No. 17-23333-civ, 2018 WL 4698886, at *8 (S.D. Fla. Sept. 29, 2019) (same).

Applying the above law to this case, it is clear that Plaintiff has no duty to negate a statute of limitations defense and Novartis's motion must be denied. Novartis's entire premise that "Plaintiff's pleading burden includes the burden to prove facts related to threshold defenses—

including statute of limitations defenses" (Novartis Br. in Supp, at p. 3), is in direct conflict with established authority from this Circuit and this Court.

Novartis of course did not cite to this dispositive authority in its brief, citing instead to non-circuit district court authority involving facts not even remotely close to the ones here. It is inconceivable that in its expansive research effort to find some semblance of authority supporting its position, Novartis did not discover the dispositive circuit authority rejecting its position. Novartis nevertheless brought this motion, failing to apprise the Court of these cases.

Novartis claims that it knows the date of the alleged injury, which Novartis contends occurred on November 21, 2013, attaching a purported medical record in support of its contention. This extraneous evidence does not support Novartis's position. Aside from the fact that this purported fact goes outside of the pleadings and cannot be considered on a motion to dismiss (*see St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)), Novartis neglects to inform the Court that the parties entered into a multi-year tolling agreement, of which Plaintiff was a party, prior to filing this suit in an attempt to resolve Plaintiff's claim.

Further, even without a tolling agreement, a date of injury outside of the statute of limitations in itself does not establish a statute of limitations defense. Under Florida law, in a products liability case involving a latent and creeping disease like atherosclerosis—which, as alleged here, developed over time from Plaintiff's long-term exposure to Tasigna—"the cause of action accrues only when the accumulated effects of the deleterious substance manifest themselves to the claimant in a way which supplies some evidence of a causal relationship to the manufactured product." *Carter v. Brown & Williamson Tobacco Corp.*, 778 So.2d 932, 936-37 (Fla. 2000) (internal citations and quotations omitted); *Durance v. R.J. Reynolds Tobacco Co.*, 286 So.3d 916, 917-18 (Fla. 2d DCA 2019). Because "there is no magic moment when the point when the facts giving rise to the cause of action are known or should be known by the plaintiff… the issue of when the statute of limitations begins to run…is generally a question of fact for a jury to resolve…." *Carter*, 778 So.2d at 937 (internal citations and quotations omitted). The issue is

4

"therefore inappropriate for resolution on a summary judgment or directed verdict," much less a motion to dismiss. *Id.*

Thus, no matter when Plaintiff's injury or injuries occurred, the dispositive issue turns on when Plaintiff made or should have made a causal connection between his injuries and Tasigna. This is a question of fact for the jury, which Novartis has the burden of proving. It is for this very reason that courts do not require plaintiffs to plead a specific date of injury and deny motions to dismiss based on statute of limitations defenses. *See Breach Comm. Bank,* 674 Fed. Appx. at 935 (reversing district court's order granting motion to dismiss based on statute of limitations defense because "to determine whether and when [the plaintiff] should have discovered [the defendant's] fraud, we would need a more developed factual record"); *Tampa Bay Rays Baseball,* 2018 WL 3066068, at *2 ("Consequently, the occurrence of a breach or breaches will most likely be a question of fact that will render the application of the statute of limitations a mixed question of law and fact. Simply put, the Court cannot rule on this issue [on a motion to dismiss].").

Novartis's alternate request for a more definite statement under Fed. R. Civ. P. 12(e) is also meritless. That rule provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R Civ. P. 12(e). But as courts in this Circuit have held, Rule 12(e) should not be used as a means to flesh out a defendant's potential statute of limitations defense:

> There should be a bias against the use of the Rule 12(e) motion as a precursor to a 12(b)(6) motion or as a method of seeking out a threshold defense. The practice is not authorized by the language of the rule and experience has shown that willingness to grant Rule 12(e) motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue determination or savings in time.

*A.G.D. ex rel. Dortch v. Siegel*, No. 09-80959-civ, 2009 WL 442159, at *3-4 (S.D. Fla. Nov. 25, 2009) (citing Wright and Miller, *Federal Practice and Procedure,* § 1376).

Based on this reasoning, the court in *Dortch* rejected a near-identical request for a more definite statement as to the plaintiffs' specific dates of abuse, particularly because the date injury was not dispositive of the statute of limitations issue. *See id.* at *3-5. The Court thus held that the "facts relating to when Plaintiffs knew or should have known of the alleged abuse and relating to the question of tolling should be explored through discovery."

Here, as the defendant in *Dortch*, Novartis is improperly attempting to use Rule 12(e) as a means to establish a statute of limitations defense that can only be resolved through discovery and determination by a jury. Further, Novartis effectively concedes in its brief that a more definite statement is unnecessary because it claims it already knows the precise date of Plaintiff's injury. *See* Novartis Br. in Supp., at p. 4 ("Plaintiff and his counsel, however, know the date of the alleged injury. So does [Novartis]."). Novartis points to nothing in Plaintiff's pleadings that is "so vague and ambiguous that [Novartis] cannot properly prepare a response" (Fed. R. Civ. P. 12(e)), and its motion should be denied.

## CONCLUSION

For these reasons, Novartis's motion should be denied in full.

Dated: April 23, 2020

Respectfully Submitted,

By: /s/ *Joseph A. Osborne*
Joseph A. Osborne, Esq.
Florida Bar No. 880043
**Osborne & Francis Law Firm, PLLC**
433 Plaza Real, Suite 271
Boca Raton, FL 33432
Ph: (561) 293-2600
Fax: (561) 923-8100
josborne@realtoughlawyers.com

6

>Richard Elias, (MO Bar. No. 53820)
>(to be admitted *Pro Hac Vice*)
>**Elias LLC**
>231 S. Bemiston Avenue,Suite 800
>St. Louis, MO 63105
>Ph: (314)391-6820
>relias@EliasLLC.com
>
>James G. Onder (MO Bar. No. 38049)
>(to be admitted *Pro Hac Vice*)
>Lawana S. Wichmann (MO Bar. No. 053999)
>(to be admitted *Pro Hac Vice*)
>**OnderLaw, LLC**
>110 East Lockwood, 2nd Floor
>St. Louis, MO 63119
>Ph: (314) 963-9000
>Fax: (314)963-1700
>onder@onderlaw.com
>wichmann@onderlaw.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2020,  that a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

>*/s/ Joseph A. Osborne*
>**Joseph A. Osborne (880043)**